IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OPERATING ENGINEERS LOCAL 66, AFL-CIO AND CONSTRUCTION INDUSTRY COMBINED FUNDS, INC., as agent for the Operating Engineers Local 66 Contribution Account, | Civil Action No. |
| Plaintiff, | |
| v. | |
| ALLEGHENY HIGH LIFT, INC., | |
| Defendant. | |

## COMPLAINT

1. The Plaintiff is the Operating Engineers Local 66 AFL-CIO and Construction Industry Combined Funds, Inc., as agent for the Operating Engineers Local 66 Contribution Account (collectively "**Funds**"). The Funds conduct the business of the Funds at P.O. Box 38682, Pittsburgh, Allegheny County, Pennsylvania 15238-8682.

2. Jurisdiction of this action arises under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Defendant Contractor has failed to submit wage deductions to Plaintiff in violation of a certain Collective Bargaining Agreement ("**Agreement**") entered into with International Union of Operating Engineers Local No. 66 ("**Union**").

3. Defendant Allegheny High Lift, Inc. ("**Defendant Contractor**") is engaged in the business of operating a construction company, with its principal place of business at 757 South Main Street, Greensburg, Pennsylvania 15601.

4. Defendant Contractor is a party to an Agreement that remained in effect at all times relevant hereto.

5. Under the terms of such Agreement, Defendant Contractor was required to submit to the Funds certain wage deductions for such Defendant's employees who performed covered work during the period from October 2016 through March 2017, with

payments to be made by the 15th day of each month, covering the amounts due for the preceding month's operations, and to furnish monthly reports showing the gross wages paid with respect to which the amounts due are calculated.

6. Plaintiff Funds aver that Defendant Contractor has failed to make payment of amounts payable to the Plaintiff Funds for covered work performed by Defendant's employees during the effective dates of its Agreement.

7. In violation of such Agreement, Defendant Contractor has failed to make timely payments of the wage deductions to Plaintiff which has resulted in an estimated principal deficiency of $4,471.62.  In addition, interest will be assessed on the principal amount thereof at the six (6%) percent legal rate in Pennsylvania.

8. Plaintiff also claims any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant Contractor to the Plaintiff until the termination of this case.  Plaintiff Funds estimate that each such monthly report will total at least $600.00.  If Defendant Contractor submits future late reports and/or payments or it is determined by the Funds that additional amounts are owed by Contractor to the Funds, interest will be assessed on the principal amount thereof at the six (6%) percent legal rate times the principal amount owed by Defendant.  In the alternative, Plaintiff reserves the right to assert a claim for such additional amounts due in a subsequent legal action.

9. Plaintiff has repeatedly demanded payment of these amounts, but Defendant Contractor has neglected and continues to neglect to pay such amounts.

10. Defendant Contractor has month after month continued to ignore the express and clear requirements of the Agreement even after representatives of the Funds have demanded that Defendant submit the missing reports and payments.

- 3 –

11.     Defendant Contractor's failure to pay such delinquencies has caused the Funds to incur additional administrative expenses, and has resulted in less monies being available for the Union to provide services to Defendant's employees.

12.     Based upon the foregoing, Defendant Contractor has acted in bad faith which entitles Plaintiff to recover reasonable attorneys' fees.

13.     Plaintiff is also entitled to reasonable attorneys' fees of One Thousand Dollars ($1,000.00) or such greater amount as such proven until the termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

14.     Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless Defendant Contractor is ordered to specifically perform under the aforesaid federal statute and Agreement herein described and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, such Plaintiff Funds demand the following relief:

a.     A money judgment in favor of the Funds and against the Defendant Contractor in the amount of $4,471.62, plus additional interest at the six (6%) percent legal rate, plus such additional amounts shown to be owed to Plaintiff until termination of this case, plus reasonable attorneys' fees of at least $1,000.00; and costs of suit; and

b.     For the Defendant Contractor to be required to present for inspection and/or copying all records pertaining to the gross wages received by the Defendant Contractor's employees necessary to determine the accuracy of the amounts paid and/or due and owing to the Funds; and

c.     For the Defendant Contractor to be required to file monthly Remittance Reports covering its operations during the effective dates of its Agreement and through the pendency of this action; and

      d.    For a money judgment in favor of the Funds and against the Defendant Contractor for additional amounts determined to be due and owing upon such Defendant's submission of its monthly reports and upon such Defendant permitting an audit of its records by the Funds; and

      e.    Audit costs, court filing fees and litigation costs, and other costs and disbursements in this action; and

      f.    Additional interest at the legal rate of six (6%) percent on the principal amounts owed to Plaintiff from the dates it became due and owing; and

      g.    For payment in full of any additional amounts that may become due during the pendency of these proceedings; and

      h.    That the Court retain jurisdiction of this case pending compliance with its orders; and

      i.    For such other and further relief as the Court may deem just.

      TUCKER ARENSBERG, P.C.

*/s/ Jeffrey J. Leech*
Jeffrey J. Leech, Esquire
PA I.D. #19814
Neil J. Gregorio, Esquire
PA I.D. #90859
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Attorneys for Plaintiff

- 4 –
LIT:622271-1 017020-156441